**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-6153**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

PAUL OSUJI,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:06-cr-00415-MOC-1; 3:14-cv-00009-MOC)

───────────

Submitted: July 20, 2015              Decided: July 23, 2015

───────────

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Paul Osuji, Appellant Pro Se. Benjamin Bain-Creed, OFFICE OF THE UNITED STATES ATTORNEY, William A. Brafford, Melissa Louise Rikard, Michael E. Savage, Assistant United States Attorneys, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Osuji seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion and its order granting his motion for a determination on whether to grant a certificate of appealability and denying such a certificate. We dismiss the appeal.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying Osuji's § 2255 motion was entered on the docket on September 30, 2014. Osuji's notice of appeal was filed on January 27, 2015.* Because Osuji failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period with respect to the September 30

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

order, we are without jurisdiction to review it. We therefore dismiss the appeal with respect to this order as untimely.

Turning to the district court's January 16, 2015, order denying Osuji a certificate of appealability, we conclude in light of our dismissal of Osuji's appeal of the order denying his § 2255 motion that his appeal of the order denying a certificate of appealability is moot. We therefore dismiss as moot Osuji's appeal as to this order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED